ORDER (Re: Special Need)
JOAN GREENDEER LEE, Associate Judge.
INTRODUCTION
The above-entitled matter came before this Court in a Hearing on August 7, 1997 and was heard by the Honorable Joan Greendeer Lee, Ho-Chunk Nation Trial Judge. Appearances were made as follows: Sheila Corbine, Ho-Chunk Nation Department of Justice, appeared for the defendant, the Ho-Chunk Nation [hereinafter HCN] Enrollment Department [hereinafter Dept.]. The petitioners, Doris Wateski, the legal guardian, and Doreen Jungen, the long-term foster mother, appeared pro se.
This matter is governed by HCN Per Capita Ordinance, Part VI, § 6.01(b). This Ordinance provides that “Funds in *186 the CTF of a minor or legally incompetent member shall be available for the benefit of a beneficiary’s health, education and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement program, and upon a finding of special need by a court of competent jurisdiction.” Petitioners Doris Wateski and Doreen Jungen have come before the HCN Trial Court on behalf of Annette Funmaker for a determination of “special need” pursuant to the HCN Per Capita Ordinance, Part VI, § 6.01(b). The Petitioners seek the release of Annette Funmaker’s Per Capita disbursement in order to finance the construction of a sun porch. While the HCN Enrollment Dept, did not object to the disbursement of Per Capita funds from the Trust Account of Annette Funmaker, the Defendant seeks to ensure that all of the elements in petitioning for a special need disbursement were met by the petitioners.
In order to request such funds, a written request must be submitted to the Nation by the beneficiary’s parent or legal guardian. The parent or legal guardian also must maintain records sufficient to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable federal law. The funds of a minor or adult incompetent are to be held in trust for the minor or adult incompetent and shall be available for the beneficiary’s health, education and welfare when the needs of such minor or adult incompetent are not being met from other tribal funds or state and federal entitlement programs. The petitioners seek a determination of special need based on the information provided to the Court in the Petition and during the hearing of August 7, 1996. The HCN Trial Court is a court of competent jurisdiction entrusted to make a finding of “special need” in order for the trust fund monies to be accessible.
THIS COURT FINDS THAT:
1. Annette Funmaker, d.o.b. 05/10/79, is an eighteen year old, enrolled Ho-Chunk Tribal Member, ID # 439A004070.
2. Ms. Funmaker is legally incompetent and has been diagnosed with severe motor impairment, i.e., cerebral palsy, spastic quadriplegia secondary to head trauma in infancy. As a result of her trauma at seven months of age, Annette required a VP shunt and has had severe motor cognitive disability since her accident. In addition to her cerebral palsy, Annette is nonverbal and has had significant malformation that has resulted from her developmental disability. Finally, Annette is unable to voluntarily move very much. See, Medical Statement of Necessity filed by Dr. Nelleen G. Noack, Gundersen Clinic, on August 7, 1997.
3. Ms. Funmaker resides with her long-term foster parent, Doreen Jungen, at W7017 Pine View Drive, Onalaska, Wisconsin.
4. Doris Wateski, 1706 Kane St., LaCrosse, Wisconsin, was appointed as Annette Funmaker’s Legal Guardian on March 17, 1997. See, Letter of Guardianship, the State of Wisconsin, Circuit Court, La Crosse County.
5. On June 5, 1997 the Petition was originally filed which requested the release of Annette Funmaker’s Per Capita disbursement in order to construct a sun porch so Annette could enjoy the outdoors.
6. On August 7, 1997, Dr. Nelleen G. Noack completed a Medical Statement of Necessity noting that Annette lives with her foster family and is quite happy to be entertained with adult company; however, her only means of input appears to be that of being able to see and hear activities about her. Moreover, Annette is unable to voluntarily move and needs constant attendance and help for all facets of her life. *187 Due to Annette’s medical condition, a sun porch would allow her to enjoy the outdoors behind the safety of an enclosed porch.
7. While Annette has not had any problems with heat per se, she could be easily susceptible to secondary infections should she have multiple bug bites. See, Medical Statement of Necessity filed by Dr. Nel-leen G. Noack, Gundersen Clinic, on August 7, 1997.
8. The Petitioner has received and submitted three sun porch construction bids for the Court’s review. The sun porch in Bid # 1 costs $19,242 for a 10' X 10' extension deck with wheel chair ramp. The sun porch in Bid # 2 costs $14,899 for an 8' X 10' extension deck with wheel chair ramp. See, American Mill Sales Contracts # 1 and # 2 dated June 18, 1997.[1] The sun porch in Bid #3 costs $17,500 for a 10' X 12' extension deck with wheel chair ramp.
9. As of August 7, 1997, the current balance of Annette Funmaker’s Per Capita Account totaled eighteen thousand, two hundred and thirty-six dollars and thirteen cents ($18,236.13). See, Ho-Chunk Nation, Dept, of Treasury, Statement of Minor’s Per Capita Account for Annette Funmaker, filed August 7, 1997.
10. An August 29, 1997 Memorandum from R. Winneshiek, Inventory Clerk for HCN Dept, of Housing, indicated that the Community Housing Program Board of Directors denied Ms. Jungen’s request since there was no documentation of medical needs to support such a request and that the Board did not consider a sun porch a home repair.
DECISION
The legal guardian, Doris Wateski, petitioned for the release of per capita funds for the benefit of her ward. Since the sun porch will benefit all members of the Jun-gen home, the Court grants the release of half of the lowest bid of fourteen thousand, eight hundred and ninety-nine dollars ($14,899) for an amount of seven thousand, four hundred and forty-nine dollars and fifty cents ($7,449.50) from Annette Fun-maker’s Per Capita trust funds for the benefit of the adult incompetent, Annette Funmaker.
Ms. Wateski did not know of any state or federal entitlement program for a sun porch request. Wateski was told to seek tribal assistance through the HCN Housing Dept. According to Dept, of Housing meeting minutes dated August 21, 1997, # 509 request was denied. Doris Wateski has testified and provided evidence to the Court that Annette has special needs. The Court, however, has some concern that the Nation’s Dept, of Housing did not see the request as a medical need, even though the petitioners offered the letter from Annette’s doctor. Moreover, the doctor’s letter read to support the sun porch request and did not explicitly address the health benefit to Annette’s physical needs. It is unclear since Annette is in the same physical condition for almost all of her life, why now at age 18 years she needs a sun porch.
In granting release of Per Capita trust funds under HCN Per Capita Okdinance, § 6.01(b), the Court is ensuring that Annette Funmaker, through her legal guardian, has the benefit and use of funds deposited and held in trust on her behalf. As an adult incompetent, unlike minors under the same provisions, these adults *188 are not afforded access to the same or similar resources.
In a similar vein, the State of Wisconsin provides by statute for the supplementation of a parent’s support of an incompetent. This Court, at its discretion, looks to this rule of law for guidance. In a case where any minor or incompetent has property which is sufficient for his or her maintenance and education, in a manner more expensive than his or her parents can reasonably afford, the expenses of the minor’s education and maintenance may be defrayed out of his or her property in whole or in part, as shall be judged reasonable under the direction of a court of competent jurisdiction. This Court finds the language of Wis. Stats § 880.21(2) instructive and that the statute should be read in conjunction with the HCN Pee Capita Distribution Ordinance. As such any minor or legal incompetent who has property, including trust funds, which is sufficient for his or her maintenance, health, education and welfare shall be available for the benefit of the minor or legal incompetent. Such Children’s Trust Funds or Per Capita distributions shall be available when: (1) the needs of such person are not being met from other Tribal funds, or other state or federal public entitlement program, and (2) upon a finding of special need by a court of competent jurisdiction. Both prongs can be established through a fact finding hearing called by the Court or upon petition of the Plaintiff or Petitioner seeking release of such funds. There is a distinct difference in the needs of adult incompetents who may be entitled to the benefit of such funds, as opposed to minors who remain the responsibility of their parents. In order to determine special need, the moving party must show:
(a) the distribution of Per Capita money is necessary for the health, education or welfare of the adult incompetent; (b) the needs of the adult incompetent are not being met from other Tribal, state or federal entitlement programs; and (c) the interest(s) of the adult incompetent are protected and preserved by releasing such monies to a legal guardian or trustee.
The Court finds that the request based on a proven health benefit rests on a fine line. The petitioner has not demonstrated an educational benefit. Nor has the petitioner articulated a sufficient welfare benefit to justify the request. While the sun porch may afford Annette Funmaker some health benefit, the Court deems it proper to reserve the trust account monies for future health, education, and welfare needs which may prove more demanding and significant.
This order recognizes that legal custody rests with Doris Wateski. As the legal guardian, Ms. Wateski shall be responsible for a strict accounting of trust monies received for the benefit of Annette Funmaker and that this accounting shall be made available to the HCN Treasury Dept, and the HCN Trial Court within two (2) months. The grant of the release of Per Capita distribution is a single one-time payment to the guardian Doris Wateski on behalf of Annette Funmaker, per the amount requested for Annette’s benefit. The HCN Enrollment Dept., through legal counsel from the Dept, of Justice does not object to the issuance of the per capita fund for Annette’s benefit.
The HCN Dept, of the Treasury is hereby directed to release seven thousand, four hundred and forty-nine dollars and fifty cents ($7,449.50) to Ms. Doris Wateski on behalf of Annette Funmaker. Doris Wate-ski, as legal guardian, shall supply the HCN Treasury Dept, with a full accounting of how the funds were spent for the ward’s benefit.
In addition, Ms. Wateski is reminded that per capita distribution payments are *189 subject to Federal taxation. Pursuant to HCN Per Capita Distribution Ordinance Art. VII. § 7.01 Taxation, the per capita distribution payments are subject to Federal taxation. Members receiving such payments shall be informed that they are responsible for payment of applicable taxes. The Nation shall deduct and withhold tax from per capita distribution payments to the extent and in the amounts required by 26 U.S.C. § 3402(r) or any successor statute. If necessai’y, the Nation is allowed to withdraw additional funds from Ms. Funmaker’s trust account to pay the applicable federal income tax. However, if deemed necessary to take out funds for federal taxes, a notice about such action shall be sent from the Nation’s Treasury to Ms. Wateski for Ms. Annette Funmaker.
Ms. Wateski, appointed Annette Fun-maker’s guardian, shall be required and obligated under Ho-Chunk law to “maintain records sufficient to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable Federal law.” HCN Per Capita Disbursement Ordinance, § 6.01(b).

. Both bids include the soffit and gutter for the roof and all labor, material, tax, clean up, and promotional discounts.